60 F.3d 842
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Antonio P. NAVARRO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
Evangeline C. MIRANDA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
Manuel A. SANCHEZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
Alfredo N. ALCONES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
Teodolfo P. MORALES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Nos. 94-3569, 94-3592, 94-3582, 94-3601, 94-3585.
 United States Court of Appeals, Federal Circuit.
 June 19, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) files separate motions for summary affirmance of a Merit System Protection Board's decision holding that a number of former employees of the Department of the Navy were not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq.[1] Five of the former employees filed petitions for review in this court: Antonio P. Navarro (no. 94-3569), Evangeline C. Miranda (no. 94-3582), Manuel A. Sanchez (no. 94-3585), Alfredo N. Alcones (no. 94-3592), and Teodolfo P. Morales (no. 94-3601). In four cases, Navarro, Sanchez, Alcones, and Morales, OPM moves for summary affirmance. In the fifth case, Miranda, we note that Miranda has not filed a brief, which is overdue. Because we are considering whether the Board's decision should be affirmed, Miranda's petition is necessarily affected. Sanchez, Alcones and Morales have not responded to OPM's motion. Navarro submits a document entitled "Request for Settlement of Appeal/Memorandum for the Granting of Appeal."
 
 
 2
 Navarro was employed by the Department of the Navy in Subic Bay, Philippines from March 6, 1963 until August 17, 1963 and from 1966 until 1992. Sanchez, Alcones, Morales, and Miranda were all employed in Subic Bay from approximately 1966 until 1992. In 1992, the employees retired when the base closed, and they applied for retirement benefits under the CSRA.
 
 
 3
 OPM denied the applications, and the employees appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that the employees had served under a series of appointments that either were limited to one year or less or were excepted, indefinite appointments specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(1) and 5 C.F.R. Sec. 831.201(a)(13). Thus, the AJ determined that while the employees had completed at least five years of creditable federal civilian employment, they had not been employed in positions covered by the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). The employees petitioned this court for review.
 
 
 4
 This court stayed the employees' petitions for review pending our decision in Rosete v. OPM, no. 94-3342. In that case, Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete v. Office of Personnel Management, 48 F.3d 514, 519 (Fed. Cir. 1995). Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 5
 OPM argues that the Board's decision that the employees were not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that Rosete is dispositive and that summary disposition is warranted. The employees served either under Rosete-like indefinite appointments in the excepted service or under appointments of one year or less that are specifically excluded from CSRA coverage by regulation. Further, the Board found that there was no evidence that the employees made contributions to the civil service retirement fund or that they were otherwise subject to the CSRA.
 
 
 6
 In their informal briefs filed before the court decided Rosete, Sanchez, Alcones and Morales argue that the 1956 Act narrowed the permissible exclusions from coverage, because the Act used the terminology "temporary or intermittent" to describe the tenure of employment rather than the previous Act's use of "intermittent or of uncertain duration." However, we held in Rosete that the legislative history of 5 U.S.C. Sec. 8347(g) shows that Congress did not contemplate any change in the categories of executive branch employees that could be excluded from CSRA coverage. Rosete, 48 F.3d at 518.
 
 
 7
 In his reply, Navarro argues that Rosete was wrongly decided. However, we are bound by this court's holding in Rosete.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) OPM's motions for summary affirmance are granted. The Board's decision is affirmed.
 
 
 10
 (2) All sides shall bear their own costs.
 
 
 
 [1]
 The Merit Systems Protection Board issued a single consolidated decision concerning the appeals of Navarro, Miranda, Sanchez, Alcones, Morales and several others who did not petition this court for review