**Delores A. DELOS SANTOS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3061.

United States Court of Appeals, Federal Circuit.

May 17, 2002.

Delores A. Delos Santos, of Olongapo City, PH, pro se.

Timothy P. McIlmail, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With him on the brief were David M. Cohen, Director; and Brian M. Simkin, Assistant Director.

Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The widow of a deceased former government employee challenges the refusal of the Merit Systems Protection Board ("Board") to review a regulation of the Office of Personnel Management ("OPM"), pursuant to which that agency denied her survivor's annuity benefits. OPM did so because it previously had denied the employee retirement annuity benefits, on the ground that the employee did not have sufficient service to qualify for them. We hold that we lack jurisdiction to review the Board's ruling, and therefore dismiss the appeal.

I

The petitioner, Mrs. Delos Santos, is the widow of Mr. Delos Santos, who, in 1988, was denied a federal civil service retirement annuity. OPM denied his application because it determined that Mr. Delos Santos had less than five years of creditable federal service, which was a condition for such annuity. Mr. Delos Santos challenged that ruling before the Board, which affirmed OPM's decision. He did not appeal the Board's decision to this court.

Mr. Delos Santos died in 1993. In 1999 Mrs. Delos Santos applied to OPM for survivor's benefits based on her late husband's federal employment. OPM denied her application, ruling that "because your late spouse had less than the five years civilian service required by law, and was not eligible to [sic] an annuity under the CSR law, you are not eligible for a survivor annuity under the CSR law."

Mrs. Delos Santos then filed with the Board a "Request for Regulations Review." She thereby invoked a procedure under which the Board "in its sole discretion" may review any OPM rule or regulation and invalidate such provision if it determines that the provision would require an employee to commit a prohibited personnel practice. 5 U.S.C. §§ 1204(f); 2302(b) (2000). *See Prewitt v. Merit Sys. Prot. Bd.,* 133 F.3d 885, 886–87 (Fed.Cir. 1998); *Clark v. Office of Pers. Mgmt.,* 95 F.3d 1139, 1141–42 (Fed.Cir.1996). Mrs. Delos Santos contended that her late husband had "30 years, 5 months and 24 days creditable civilian service with the U.S. Forces, Philippines which is subject to Civil Service Retirement Annuity" and that invalidly implemented regulations of OPM "caused their Staff to commit a prohibited personnel practices [sic]."

The Board "granted" OPM "an opportunity to file a response to the request." OPM did not file any response, and the full Board denied the request for regulatory review. The Board stated:

The petitioner complains that OPM's reconsideration decision was based upon a "mis-interpretation of law under Sec. 8333(a)(b) of U.S.C." RF, Tab 1. Petitioner fails, however, to argue that OPM's implementation of the identified regulations would require an employee to commit a prohibited personnel practice. Despite the fact that she has titled her filing as a "Request for Regulation Review", we find that she has provided an inadequate basis for the Board to review any OPM rule or regulation.

The Board also denied her request to impose "sanctions upon OPM for that agency's failure to file a response to petitioner's request for regulation review," because "there is no statute or regulation requiring such submission or authorizing the Board to order sanctions under these circumstances."

Finally, the Board stated that "because the petitioner's request was filed within 30 days of OPM's reconsideration decision and asks the Board to reverse that decision we are referring it to the Board's Seattle Field Office for processing as a timely petition for appeal."

## II

The government contends that we have no jurisdiction to review the Board's denial of the request for regulation review because that action was not based on the merits of Mrs. Delos Santos' claim. It cites *Clark v. Office of Personnel Management, supra,* for the proposition that if the Board "decides not to grant [regulation] review, that decision is not subject to further review by this Court."

*Clark* involved the validity of OPM's interpretation, embodied in its regulation, of the provision in the Dual Compensation Act that entitles federal civilian employees to credit for certain civil service purposes for their active military service "during a war." OPM's regulation interpreted this provision as covering only a Congressionally declared war. Federal civilian employees who had served in the military during the Vietnam conflict sought regulatory review by the Board of that interpretation.

The Board denied the request for review, because previously it had "considered and rejected the arguments raised by the petitioners" in *Brooks v. Office of Personnel Management,* 59 M.S.P.R. 207 (1993), and the "petitioners have presented no persuasive argument that the Board's decision in *Brooks* was incorrect." *Clark,* 95 F.3d at 1141. The issue of our jurisdiction arose in *Clark* because the governing statute provided that "in its sole discretion" the Board may grant a petition for review of any OPM rule or regulation. 5 U.S.C. § 1204(f)(1) (2000). We ruled:

> In stating that the decision whether to grant such review was in the Board's "sole discretion," Congress provided that, if the Board decided not to grant review, that would be the end of the matter, and that Board decision would not be subject to further review by this court. . . .

> If, however, the Board does consider the merits of the issue under the OPM rule or regulation, then its decision is subject to judicial review in this court.

*Clark,* 95 F.3d at 1141–42.

We held that we had "jurisdiction to review the Board's decision because the Board decided the merits, i.e., it rejected the petitioners' challenge to OPM's interpretation of the Dual Compensation Act." *Id.* at 1141.

When this court ruled in *Clark* that it had jurisdiction to review a Board denial of regulation review where the Board "does consider the merits of the issue under the OPM rule or regulation," the "merits" to which this court referred were those of the underlying dispute, not those of the decision whether to grant such review. *Id.* The court stated in *Clark* that "[i]n the present case the Board did consider the merits of the petitioners' challenges to OPM's interpretation of the term war, but rejected those challenges because it had 'considered and rejected the same arguments' in *Brooks* with regard to a petition for judicial review of OPM's implementation of 5 U.S.C. § 6303(a)." *Clark,* 95 F.3d at 1142. The court twice repeated that the Board's decision was "on the merits" of OPM's interpretation of the term "war" as a Congressionally-declared war. *Id.* The court added that "[t]he fact that

the Board's disposition of the case took the form of denial of the request for review rather than affirmance or sustaining of OPM's interpretation of the Dual Compensation Act did not make the Board's decision any less a decision on the merits or insulate it from judicial review as a matter within the Board's 'sole discretion.'" *Id.* It also stated: "There is no reason to believe that in section 1204(f)(1)(B) Congress intended to cut off judicial review of a Board decision rejecting on the merits a litigant's challenge to an OPM rule or regulation." *Id.* at 1143.

In the present case, unlike *Clark,* the Board did not deny review because it upheld the merits of OPM's denial of Mrs. Delos Santos' annuity. Instead, the denial was based on her failure to demonstrate a basis for regulatory review, i.e., she had not adequately alleged that OPM's action would result in a prohibited personnel practice. Indeed, the actual result in the present case, in which the Board referred Mrs. Delos Santos' case to its Seattle Field Office "for processing as a timely petition for appeal," is similar to the hypothetical example this court referred to in *Clark,* in which the Board's refusal to grant regulation review was not directly reviewable because it was within the Board's "sole discretion." *Id.* at 1141 ("For example, the Board might decline review because it concluded that the issue could be more appropriately determined in connection with review of an adverse individual personnel action."). Although in this case the referral to the Seattle office was not the reason for the denial of regulatory review, the court's reference to that illustrative example of a non-merits decision is strong indication that under *Clark* this court has jurisdiction to review the Board's refusal to grant regulation review only if in doing so the Board considered the merits of the underlying agency action.

## III

Mrs. Delos Santos also contends that the Board erred in not sanctioning OPM for failing to respond to her request for regulation review. OPM's failure to respond, however, is so closely related to and, indeed, is part of, the Board's refusal to grant regulation review that our lack of jurisdiction to review that refusal also covers review of the Board's refusal to sanction OPM. We have no jurisdiction to review either action of the Board.

## CONCLUSION

The appeal is

*DISMISSED.*