NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3218

CLARENCE A. FREDERICK,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  June 7, 2006

_____

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

## DECISION

Clarence A. Frederick petitions for review of the final decision of the Merit Systems Protection Board ("Board") denying his request for regulation review pursuant to 5 U.S.C. § 1204(f).  Frederick v. Office of Pers. Mgmt., No. CB1205050003-U-1, slip op. (M.S.P.B. Apr. 18, 2005) ("Regulation Review Decision").  We dismiss for lack of jurisdiction.

DISCUSSION

I.

On August 23, 1999, Mr. Frederick applied for a position as a District Adjudication Officer ("DAO") with the Immigration and Naturalization Service ("INS").[1] Frederick v. Dep't of Justice, No. SF0731020088-I-1, slip op. at 2 (M.S.P.B. Mar. 28, 2002) ("Unsuitability Initial Decision"). Upon receiving Mr. Frederick's application, INS performed a background investigation of Mr. Frederick. Id., slip op. at 2-3. Based on reports of misconduct and negligence in his previous employment, INS issued a negative suitability determination. Id., slip op. at 2. Thereafter, in due course, Mr. Frederick was rated as ineligible for the DAO position and was debarred from applying for any INS positions for one year. Mr. Frederick appealed INS's decision to the Board.

In an initial decision dated March 28, 2002, the Board affirmed the decision of INS finding Mr. Frederick unsuitable for the DAO position. Id., slip op. at 1. Under 5 C.F.R. § 1201.113, the initial decision became the final decision of the Board on September 29, 2003, when the Board denied Mr. Frederick's petition for review of the Unsuitability Initial Decision. Frederick v. Dep't of Justice, No. SF0731020088-I-1, slip op. (M.S.P.B. Sept. 29, 2003) ("Unsuitability Final Decision"). Mr. Frederick did not appeal the Unsuitability Final Decision.

After his appeal of the adverse personnel action was rejected by the Board, Mr. Frederick petitioned the Board for regulation review pursuant to 5 U.S.C. § 1204(f). In the petition, Mr. Frederick alleged that INS had committed a prohibited personnel

---

[1] INS was formerly a part of the Department of Justice. Effective March 1, 2003, INS became a part of the Department of Homeland Security ("DHS"). 6 U.S.C. § 291 (2000). The Bureau of Immigration and Customs Enforcement within the DHS assumed the duties of the former INS.

practice through its implementation of the regulations set forth at 5 C.F.R. Part 731 when it found him unsuitable for the DAO position. Regulation Review Decision, slip op. at 2.

The Board found that Mr. Frederick's request for regulation review was in essence a second challenge to the unsuitability determination that had been previously appealed to the Board. Id. The Board stated that it would not exercise its discretionary power to conduct a regulation review when the review sought was merely an attempt to relitigate claims that were, or could have been, brought in a prior action. Id., slip op. at 3. Because Mr. Frederick could have argued that the INS's implementation of the regulations set forth at 5 C.F.R. Part 731 was improper in his prior suit challenging the unsuitability determination, the Board concluded that his request for regulation review was barred by the doctrine of res judicata. Id. Accordingly, the Board denied Mr. Frederick's request for regulation review. This appeal followed.

II.

The government argues that we lack jurisdiction to review the Board's denial of Mr. Frederick's request for regulation review because 5 U.S.C. § 1204(f) gives the Board the "sole discretion" to determine whether to grant a petition for regulation review. Relying on Clark v. Office of Personnel Management, 95 F.3d 1139, 1142 (Fed. Cir. 1996), Mr. Frederick counters that we have jurisdiction to review a denial of a request for regulation review when the Board reaches the merits of the underlying claims. Mr. Frederick argues that the Board exercised authority with respect to the merits of his request for regulation review by deciding that his request was barred by the doctrine of

res judicata. For the following reasons, we agree with the government that we lack jurisdiction over Mr. Frederick's appeal.

Section 2104(f)(1)(B) provides that the Board has the "sole discretion" to grant or deny a petition for regulation review filed by "any interested person." Accordingly, the Board's decision to deny a petition for regulation review is not appealable. Id. at 1141. However, once "the Board does consider the merits of the issue under the OPM rule or regulation, then its decision is subject to judicial review in this court." Id. at 1142 (finding that a denial of a petition for regulation review addressed the merits of a claim because it advanced a particular interpretation of a statute and was therefore appealable). In contrast, we lack jurisdiction to review a denial of a petition for regulation review when the Board's decision does not reach the merits of a claim. See Delos Santos v. Office of Pers. Mgmt., 289 F.3d 1382, 1384 (Fed. Cir. 2002).

The present case involves similar facts as Delos Santos. In Delos Santos, the Board denied Ms. Delos Santos's petition for regulation review because she failed to adequately plead that the agency's implementation of its regulation resulted in a prohibited personnel practice. Id. at 1383. We held that we lacked jurisdiction over Ms. Delos Santos's subsequent appeal because the Board denied her request due to a procedural flaw in her petition for regulation review and did not reach the merits of her claim. Id. at 1384. Similar to Delos Santos, the Board did not consider the merits of Mr. Frederick's claim that the Board's implementation of the regulations at 5 C.F.R. Part 731 was improper. Instead, the Board decided that under the doctrine of res judicata Mr. Frederick's arguments should have been brought as part of his earlier appeal of the adverse personnel action rather than in a petition for regulation review. Regulation

05-3218                           4

<u>Review Decision</u>, slip op. at 3.  Therefore, we lack jurisdiction over Mr. Frederick's appeal because the Board did not consider the merits of his petition for regulation review.  <u>See</u> <u>Clark</u>, 95 F.3d at 1141 (noting that a denial of a petition for regulation review would not be appealable in a situation where the Board declined review because the issue could be more appropriately addressed in an appeal of an adverse personnel action).

For the foregoing reasons, Mr. Frederick's appeal from the decision of the Merit Systems Protection Board denying his petition for regulation review is dismissed for lack of jurisdiction.

No costs.