NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3177

BRAULIO C. CORPUZ,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: August 9, 2006

_____

Before MICHEL, Chief Judge, ARCHER, Senior Circuit Judge, and LINN, Circuit Judge.

LINN, Circuit Judge.

Braulio C. Corpuz ("Corpuz") appeals a final decision of the Merit Systems Protection Board ("Board"), Corpuz v. Office of Personnel Management, No. CB-1205-05-0023-U-1 (M.S.P.B. Dec. 5, 2005) ("Final Order"), denying Corpuz's petition for review of the Office of Personnel Management ("OPM") regulation at 5 C.F.R. § 831.201(a)(13).[1] Because the Board did not consider the merits of Corpuz's petition, we dismiss for lack of jurisdiction.

_____

[1] Corpuz's petition seeks review of 5 C.F.R. § 831.201(a)(14) (1963-1987). That regulation was renumbered as 5 C.F.R. § 831.201(a)(13) by OPM in 1988. See 53 Fed. Reg. 42,933, 42,936 (Oct. 25, 1988).

BACKGROUND

Corpuz worked from August 1967 through September 1992 as a civilian employee for the Navy in the Philippines in positions that were in the excepted service and classified as either of "limited" or "indefinite" duration. OPM determined that Corpuz was not entitled to annuity benefits under the Civil Service Retirement Act ("CSRA"), and the Board affirmed that determination. Corpuz v. Office of Pers. Mgmt., No. SE-0831-93-0435-I-1 (M.S.P.B. Dec. 22, 1993). On appeal to this court, Corpuz cited Executive Order 9154 of May 1, 1942 and argued that OPM exceeded its authority in excluding indefinite appointments in the excepted service from CSRA under 5 C.F.R. § 831.201(a)(13). Corpuz v. Office of Pers. Mgmt., 64 F.3d 677 (Fed. Cir. 1995) (table). Because that argument had been advanced and rejected in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed. Cir. 1995), we affirmed. Id.

Corpuz also petitioned the Board to review 5 C.F.R. § 831.201(a)(12) and (a)(13) pursuant to 5 U.S.C. § 1204(f), claiming these regulations violate 5 U.S.C. § 8347(g). See De Jesus v. Office of Pers. Mgmt., 73 M.S.P.R. 458 (1997) (including Corpuz's petition in a consolidated request for regulation review,), review dismissed sub nom. Alver v. Office of Pers. Mgmt., 114 F.3d 1205 (Fed. Cir. 1997) (table). The Board denied the petition. Id.

Corpuz again petitioned the Board to review 5 C.F.R. § 831.201(a)(13), claiming it violated Section 2(e) of Pub. L. No. 854, 70 Stat. 736, 745 (1956)—the predecessor to 5 U.S.C. § 8347(g)—and Civil Service Rules 1.3(e) and 2.2(c). Final Order, slip op. at 1-2. That petition—the subject of this appeal—was joined with three others. Id. The

Board denied the requests as barred by res judicata, finding that the parties' claims were raised, or could have been raised, in a prior proceeding. Id., slip op. at 4.

DISCUSSION

Corpuz argues that Rosete was wrongly decided and points to Executive Order 9154 and Civil Service Rules 1.3(e) and 2.2(c) as demonstrating that 5 C.F.R. § 831.201(a)(13) is not in accordance with the law. The government counters that the question of whether Corpuz is entitled to annuity benefits under the CSRA has been fully litigated and thus the Board's denial based on res judicata should be affirmed.

We must first examine whether we have jurisdiction to review Corpuz's appeal of the Board's denial of his regulation review request. According to 5 U.S.C. § 1204(f)(1)(B), the Board has the "sole discretion" to grant or deny a petition for regulation review filed by "any interested person." We interpreted that section in Clark v. Office of Personal Management:

> In stating that the decision whether to grant such review was in the Board's 'sole discretion,' Congress provided that, if the Board decided to not grant review, that would be the end of the matter, and that Board decision would not be subject to further review by this court. . . .
> If, however, the Board does consider the merits of the issue under the OPM rule or regulation, then its decision is subject to judicial review in this court.

95 F.3d 1139, 1141 (Fed. Cir. 1996); see also Delos Santos v. Office of Pers. Mgmt., 289 F.3d 1382, 1384 (Fed. Cir. 2002).

Here, the Board did not consider the merits of Corpuz's petition for regulation review. Instead, the Board decided that under the doctrine of res judicata, Corpuz's arguments should have been raised in prior appeals and regulation review requests that were fully decided on the merits. Final Order, slip op. at 4. In concluding that Corpuz's

arguments were precluded by res judicata, the Board did not reach the merits of the petition; i.e., it did not address whether 5 C.F.R. § 831.201(a)(13) violated Section 2(e) of Pub. L. No. 854, 70 Stat. 736, 745 (1956) and Civil Service Rules 1.3(e) and 2.2(c). Where the Board—in its "sole discretion"—denies a petition for review of a regulation under section 1204(f)(1)(B) without reaching the merits of the complaint, that is "the end of the matter, and that Board decision [is] not [] subject to further review by this court." Clark, 95 F.3d at 1141. Thus, we lack jurisdiction to review the Board's decision and the appeal is dismissed.