NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3174

ALIPIO M. SIWA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

———————————————

DECIDED: November 9, 2006

———————————————

Before SCHALL and GAJARSA, <u>Circuit Judges</u>, and MCKINNEY, <u>Chief Judge</u>.[*]

PER CURIAM.

## DECISION

Alipio M. Siwa petitions for review of the decision of the Merit Systems Protection

Board ("Board") that dismissed, upon the basis of <u>res judicata,</u> his request for review of

5 C.F.R. § 831.201(a)(13), a regulation of the Office of Personnel Management

---

[*]     Honorable Larry J. McKinney, Chief Judge of the United States District
Court for the Southern District of Indiana, sitting by designation.

("OPM"). <u>Siwa v. Office of Pers. Mgmt.</u>, No. CB1205050024-U-1 (M.S.P.B. Dec. 5, 2005). We <u>dismiss</u> for lack of jurisdiction.

DISCUSSION

I.

Pursuant to 5 U.S.C. § 1204(f)(1)(B), the Board is authorized to review OPM regulations. Mr. Siwa and others sought to avail themselves of this provision by filing a petition with the Board asking it to review 5 C.F.R. § 831.201(a)(13). Section 831.201(a)(13) excludes from coverage under the Civil Service Retirement System employees "serving under nonpermanent appointments, designated as indefinite, made after January 23, 1955, the effective date of the repeal of Executive Order 10180.

In its December 5 decision, the Board ruled that the requests for review of section 831.201(a)(13) were barred by <u>res judicata</u>. The basis for the Board's ruling was that it previously had adjudicated appeals by Mr. Siwa and the other petitioners in which it sustained OPM's denial of civil service retirement coverage pursuant to section 831.201(a)(13). The Board explained that what was at issue in the previous appeals

> was whether OPM had properly excluded petitioners from civil service retirement coverage under 5 C.F.R. § 831.201(a)(13). The Board, in denying the benefits, affirmed the validity of section 831.201(a)(13) as a reasonable interpretation of 5 U.S.C. § 8347(a) and the Federal Circuit affirmed the Board's conclusion. <u>See e.g.</u>, <u>Estabillo v. Office of Personnel Management</u>, MSPB Docket No. SB-0831-94-0220-I-1 (Mar. 7, 1994), <u>aff'd</u>, 62 F.3d 1432 (Fed. Cir. 1995) (Table) . . . .

<u>Siwa</u>, slip op. at 3 (footnote omitted). The Board added that Mr. Siwa and his fellow petitioners were not entitled "to return to the Board" and that their claims that section 831.201(a)(13) was invalid—to the extent that they were different from claims raised in

the previous appeals—"could have been raised in the earlier proceedings." Id. at 4. Accordingly, the Board denied Mr. Siwa's request for review of the regulation. Mr. Siwa now appeals the Board's decision.

II.

In <u>Delos Santos v. Office of Pers. Mgmt</u>, 289 F.3d 1382 (Fed. Cir. 2002), we stated that "this court has jurisdiction to review the Board's refusal to grant regulation review only if in doing so the Board considered the merits of the underlying agency action." <u>Id.</u> at 1385. As just seen, in this case, the Board refused to grant regulation review on the ground that review was barred by <u>res judicata</u>. Thus, the Board did not consider "the merits of the underlying agency action." <u>See</u> <u>Clark v. Office of Pers. Mgmt.</u>, 95 F.3d 1139, 1141 (Fed. Cir. 1996) (holding that this court only has jurisdiction when the Board decided the challenge on the merits and giving the example of the Board refusing to review a claim when it would more properly be decided in an adverse individual personnel action). We see no distinction between a refusal to review a regulation because "the issue could be more appropriately determined in connection with review of an adverse individual personnel action" and a refusal to review a regulation because the Board determined that it had already decided the issue in an adverse individual personnel action—indeed one involving the same individual. <u>See</u> <u>id.</u> ("In stating that the decision whether to grant such review was in the Board's 'sole discretion,' Congress provided that, if the Board decided not to grant review, that would be the end of the matter, and that Board decision would not be subject to further review by this court."). That means that we are without authority to consider Mr. Siwa's appeal

of the Board's December 5, 2005 decision.  We therefore dismiss Mr. Siwa's appeal for lack of jurisdiction.