NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-3269

LIBRADO L. ALVER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: December 11, 2006

_____

Before MICHEL, Chief Judge, LOURIE, and BRYSON, Circuit Judges.

PER CURIAM.

## DECISION

Librado L. Alver ("Alver") appeals from the final decision of the Merit Systems Protection Board ("the Board") denying Alver's request, pursuant to 5 U.S.C. § 1204(f), for review of the Office of Personnel Management's ("OPM") regulation at 5 C.F.R. § 831.201(a)(14). Alver v. Office of Pers. Mgmt., CB-1205-05-0031-U-1 (M.S.P.B. Apr. 4, 2006). Because we lack jurisdiction to review the Board's determination, we dismiss.

## BACKGROUND

From October 7, 1955 until his retirement on August 16, 1991, Alver worked for the Department of the Navy at Subic Bay, Philippines, under indefinite appointments

and temporary intermittent appointments. Since 1994, Alver has been involved in numerous legal proceedings in an attempt to secure a retirement annuity under the Civil Service Retirement System ("CSRS"). At issue here, on July 27, 2005, Alver filed a request for review of 5 C.F.R. § 831.201(a)(14) by the Board.

In its April 4, 2006 opinion responding to Alver's request and two other consolidated cases, the Board denied the request for review under 5 U.S.C. § 1204(f)[1] because it found Alver's arguments were or should have been raised in his prior proceedings seeking retirement benefits. Thus, the Board found Alver's request for review of the regulation is precluded by res judicata.

DISCUSSION

On appeal, Alver's arguments focus on the merits of his claim and do not address either the Board's decision that res judicata applies or our jurisdiction to review that decision in light of the applicable statute. The government responds that this court has no jurisdiction to hear Alver's appeal because the Board has the "sole discretion" to grant or deny a petition for review of a regulation under 5 U.S.C. § 1204(f)(1)(B), and this court has previously stated that it has jurisdiction to review such a denial only when the Board's decision reaches the merits of the issue under the OPM regulation. See Delos Santos v. Office of Pers. Mgmt., 289 F.3d 1382 (Fed. Cir. 2002); Clark v. Office of Pers. Mgmt., 95 F.3d 1139, (Fed. Cir. 1996).

---

[1] 5 U.S.C. § 1204(f)(1)(B) states, "At any time after the effective date of any rule or regulation issued by the Director of the Office of Personnel Management in carrying out functions under section 1103, the Board shall review any provision of such rule or regulation . . . (B) on the granting by the Board, in its sole discretion, of any petition for such review filed with the Board by any interested person, after consideration of the petition by the Board."

06-3269                           -2-

We agree with the government. The Board did not reach the merits of any of its prior determinations, nor did it evaluate the validity of the regulation for which review was sought here. The Board merely determined that the subject matter raised by the challenge to the regulation was sufficiently related to prior proceedings that res judicata applies. As we noted in Delos Santos, "When the court ruled in Clark that it had jurisdiction to review a Board denial of regulation review where the Board 'does consider the merits of the issue under the OPM rule or regulation,' the 'merits' to which this court referred were those of the underlying dispute, not those of the decision whether to grant such review." 289 F.3d at 1384 (emphasis added). Because the Board did not review the merits of the underlying dispute, we lack jurisdiction. We therefore dismiss the appeal.