Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3242

SOCORRO R. NAVARRO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Socorro R. Navarro, of Olongapo City, Philippines, pro se.

Meredyth D. Cohen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3242

SOCORRO R. NAVARRO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: October 19, 2007

_____

Before NEWMAN, RADER, and DYK, Circuit Judges.

PER CURIAM.

Petitioner Socorro R. Navarro, the widow of Antonio P. Navarro, a former employee of the Department of the Navy in the Philippines, petitions for review of the Merit Systems Protection Board's denial of her request for review of 5 C.F.R. §831.201(a)(13), a regulation of the Office of Personnel Management ("OPM") that excludes certain federal employees from coverage under the Civil Service Retirement Act ("CSRA"), 5 U.S.C. §8331 et seq. Both Mrs. Navarro and her husband had previously sought annuity benefits under the

CSRA without success, the Board stating that Mr. Navarro's employment was on terms that were excluded from the CSRA by §831.201(a)(13). We affirm the Board's decision.[1]

BACKGROUND

Mr. Navarro was employed by the Navy in Subic Bay, Philippines from March 6, 1963 until August 17, 1963 and from 1966 until his retirement in 1992. His request for retirement benefits under the CSRA was denied. Mr. Navarro and several similarly situated former employees of the United States appealed unsuccessfully to the Merit Systems Protection Board. The Board explained that these employees had served under "indefinite" appointments that were not subject to CSRA coverage, and on appeal this court in Rosete v. OPM, 48 F.3d 514 (Fed. Cir. 1995) upheld the OPM regulation interpreting the exclusion of "temporary" employees from CSRA "covered service" to include employees serving "indefinite" appointments; this exclusion characterized the employment terms of many of the Navy's employees in the Philippines. This court applied the Rosete ruling to Mr. Navarro. Navarro v. OPM, 60 F.3d 842 (Fed. Cir. 1995) (Table), 1995 WL 399050, at *1-*2 (affirming the denial of CSRA benefits).

Mr. and Mrs. Navarro have pressed for further review, pointing out that Mr. Navarro was a full-time employee of the United States for his entire career, and arguing that he was not an "indefinite" or "temporary" employee. The regulation 5 C.F.R. §831.201(a)(13) excludes employees serving under "nonpermanent appointments, designated as indefinite, made after January 23, 1955." Challenges to the regulation have consistently failed. See

_____

    1    MSPB Docket No. CB1205070003-U-1; Navarro v. OPM, 105 M.S.P.R. 278 (2007).

Navarro v. OPM, 124 F.3d 225 (Fed. Cir. 1997) (Table), 1997 WL 438264, at \*1; Francisco v. OPM, 80 M.S.P.R. 684, 686-87 (1999); Navarro v. OPM, MSPB Docket No. SE0831030175-I-1 (Apr. 28, 2003); Fabros v. OPM, 85 M.S.P.R. 400, 401-02 (2000); Amarille v. OPM, 243 F.3d 554 (Fed. Cir. 2000) (Table), 2000 WL 1134546, at \*1.

After Mr. Navarro died on November 29, 2004, Mrs. Navarro filed a claim for a survivor annuity. The OPM denied her claim, and on appeal the Board explained that a survivor annuity required that her late husband was eligible for benefits under the CSRA, and that she was bound by the rulings denying his claim for retirement benefits. The Board stated that Mrs. Navarro should have raised the issue of survivor rights during her husband's earlier appeals, and that her claim was barred by *res judicata*. Navarro v. OPM, MSPB Docket No. SF0831060188-I-1 (Apr. 11, 2006).

Mrs. Navarro again requested review of 5 C.F.R. §831.201(a)(13), stating several reasons why the regulation is inapplicable to her husband's employment. The Board denied her request for review; the Board did not discuss the merits, but cited her husband's and her own previous unsuccessful appeals. 105 M.S.P.R. at 280 & nn.2-4. The Board stated that its prior decisions were adjudicated on the merits, that Mrs. Navarro was in privity with her husband on his prior appeals, and that to the extent the present appeal raised new arguments, they should have been made in the prior proceedings. The Board therefore denied Mrs. Navarro's petition on the ground of *res judicata*, including the petition on behalf of their dependent son Nadel Navarro. Mrs. Navarro requests review of this decision.

DISCUSSION

The OPM argues that because Mrs. Navarro asked the Board to review an OPM regulation pursuant to the Board's power under 5 U.S.C. §2104(f) and because the Board did not consider the merits of her claim, this court lacks jurisdiction to entertain her appeal. Section 2104(f)(1)(B) provides that the Board "shall review any provision of" an OPM rule or regulation "on the granting of the Board, in its sole discretion, of any petition for such review filed with the Board by an interested person, after consideration of the petition by the Board."

This court has held that the Board's "sole discretion" deprives this court of authority to review the Board's denial of a request to review an OPM regulation where the Board did not consider the merits of the underlying agency action. Delos Santos v. OPM, 289 F.3d 1382, 1385 (Fed. Cir. 2002); see Clark v. OPM, 95 F.3d 1139, 1141 (Fed. Cir. 1996) ("In stating that the decision whether to grant such review was in the Board's 'sole discretion,' Congress provided that, if the Board decided not to grant review, that would be the end of the matter, and that the Board decision would not be subject to further review by this court.").

In Delos Santos the widow of a former federal employee appealed from the Board's denial of her request for review of the OPM regulation that rendered her husband ineligible for benefits under the CSRA because he lacked five years of civilian service. The Board declined review of the regulation, and this court ruled that it has no jurisdiction to review the Board's decision not to review the regulation. The reason, as explained in Clark, was that when there has been no decision on the merits of a duly promulgated regulation, there is no basis for review by the Federal Circuit.

2007-3242                                    4

Here, the validity and interpretation of the challenged regulation had been the subject of several reviews. *Res judicata* applies when a court has previously reached a final judgment on the merits of the same claim. See, e.g., Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). A dismissal on *res judicata* grounds confirms that decision as applying to the claim now presented, and requires determining that the present and past claims are indeed the same, and that the past claim was fully and finally decided. The merits of the Navarros' claim were indeed previously decided. The issue was whether 5 C.F.R. §831.201(a)(13) controlled Mr. Navarro's employment, where OPM described his long-term employment as "indefinite," and not a "permanent excepted appointment" as Mr. Navarro and his widow asserted. That issue was finally decided.

The Board stated that it made no difference whether Mrs. Navarro's request was "considered a true challenge to the validity of 5 C.F.R. §831.201(a)(13), or in fact an attempt to secure a survivor annuity," because both issues had earlier been decided adversely to her claim. We agree with this conclusion; however, this aspect is not insulated from the statutory right of appeal. We affirm the Board's finding that *res judicata* applies to Mrs. Navarro's claim, and that the prior actions brought by Mrs. Navarro, her husband and their disabled son as to OPM's denial of retirement benefits also apply to survivorship benefits.

No costs.